**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LEMARCUS ALLISON, | |
|     Plaintiff, | |
| v. | Case No. |
| CALCON MUTUAL MORTGAGE, LLC and PENNYMAC LOAN SERVICES, LLC | 1:19-cv- 02025-CC-JCF |
|     Defendants. | |

## <u>CALCON MUTUAL MORTGAGE, LLC'S</u><br><u>BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>

COMES NOW, CalCon Mutual Mortgage, LLC ("CalCon"), a Defendant in the above-styled civil action, and files this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, CalCon respectfully submits that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## <u>STATEMENT OF FACTS</u>

The property at issue in this action is the Property located at 250 Montrose Drive, McDonough, Georgia 30253. [Doc. 1-1, p. 3, ¶ 1]. In connection with purchasing the Property, Plaintiff Lemarcus Allison ("Mr. Allison") obtained a

loan in the amount of $424,100.00 and secured said loan by executing a Security Deed conveying the Property to CalCon. [Doc. 1-1, p. 4, ¶¶ 4-5; pp. 22-35]. In May of 2018, RAS Crane, LLC sent Mr. Allison a notice of breach stating that Mr. Allison failed to accurately list and/or maintain the ending balance on the bank account used to qualify for the loan. [Doc. 1-1, p. 5, ¶13; p. 36]. In July of 2018, the Property was advertised for a sale scheduled for August 7, 2018. [Doc. 1-1, p. 6, ¶ 18]. By letter dated July 31, 2018, Mr. Allison was informed that the August 7th sale had been cancelled. [Doc. 1-1, p. 7, ¶ 20].

In December 2018, Mr. Allison was again informed that he was in breach of the Security Deed [Doc. 1-1, p. 7, ¶ 21]. On January 8, 2019, Plaintiff, through counsel, provided account information related to the breach. [Doc. 1-1, pp. 7-8, ¶ 22; pp. 58-63]. By February 12, 2019, Mr. Allison was informed that the indebtedness had been accelerated due to a failure to cure the default and that the Property would be sold at foreclosure sale scheduled April 2, 2019. [Doc. 1-1, p. 8, ¶ 23]. On March 6, 2019, the Property was again advertised for foreclosure sale scheduled April 2, 2019. [Doc. 1-1, p. 8, ¶ 26]. Plaintiff filed the instant action on March 26, 2019. [Doc. 1-1]. Defendant CalCon removed this action to the Northern District of Georgia on May 6, 2019. [Doc. 1].

## ARGUMENT AND CITATION OF AUTHORITY

**A.     Standard of Review**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft*, 556 U.S. at 679. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

**B.     Plaintiff Fails to State a Claim for Attempted Wrongful Foreclosure**

In Counts I and II, Plaintiff alleges the CalCon wrongfully attempted to foreclose on the Property in July 2018 and again in April 2019. [Doc. 1-1, p. 9, ¶ 30; p. 11, ¶ 44]. According to Plaintiff, CalCon lacked the right to advertise the Property for sale because the Note and Security Deed were not in default. [Doc. 1-

1, p. 9, ¶ 31, p. 11, ¶ 45]. Under Georgia law, in order to state a claim "for a wrongful attempted foreclosure, the plaintiff must prove a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1134 (11th Cir. 2014)(*quoting Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 320 S.E.2d 228, 232 (1984)); *Phillips v. Ocwen Loan Servicing, LLC*, 92 F. Supp. 3d 1255, 1264 (N.D. Ga. 2015).

### 1. July 2018 Advertisement

According to Plaintiff, "Defendants advertised the Property for sale beginning July 11, 2018 without having the right to do so as the Note and Security Deed are not in default." Plaintiffs also allege that Defendants wrongfully foreclosed on the Property starting July 11, 2018 when they attempted to foreclose even though the indebtedness was not justly due and by attempting to add fees and late charges not owed. [Doc. 1-1, p. 10, ¶¶ 34-35]. As an initial matter, to the extent these allegations are claims for wrongful foreclosure, these "must fail because there was no actual foreclosure." *Smith-Tyler v. Bank of Am., N.A.,* 992 F. Supp. 2d 1277, 1281 (N.D. Ga. 2014).

In his Complaint, Plaintiff asserts that Defendants "falsely declar[ed] Plaintiff [was] in default." [Doc. 1-1, p. 9, ¶ 33]. As stated above, the plaintiff must allege "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition." *Bates*, 768 F.3d at 1134. Plaintiff alleges without any supporting facts that "[he] was not in default to the Defendants, even though the Defendants knowingly published untrue and derogatory statements concerning the Plaintiff's financial condition." [Doc. 1-1, p. 10, ¶ 37]. It is well settled that a court does not accept legal conclusions as true on a Motion to Dismiss and a recital of the elements of a cause of action, supported by conclusory statements does not suffice to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)). Plaintiffs only supporting allegations are that he made all requirement payments and that the sender of the first default letter never claimed that he failed to make payments. [Doc. 1-1, p. 5, ¶ 11; p. 6, ¶ 17].

This assertion is unrelated and ineffective as the First Default Letter, attached to the Complaint, clearly states that the default was the result of a "failure to accurately list and/or maintain the ending balance in your bank account used to qualify for the underlying loan." [Doc. 1-1, pp. 36-38]. Notably, Plaintiff does not allege that he did accurately list and/or maintain the ending balance on the bank account use to qualify for his loan. In fact, Plaintiff's own Exhibit F to the

Complaint indicates that there *was* a discrepancy between the amount listed on the Loan Application and the actual ending balance of Plaintiff's bank account. [Doc. 1-1, pp. 58-63]. When specific factual details in an exhibit contradict general and conclusory allegations in a pleading, the exhibit governs. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007); *See Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations…are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint."); *see also Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)(it is well settled that when there are conflicting allegations and exhibits in a pleading, the exhibits control). Therefore, Plaintiff has failed to allege any facts by which the Court could conclude that he was *not* in default pursuant to the First Default Letter. Accordingly, there are no facts to establish that Defendants published an untrue statement when the notice identified Plaintiff's default.

It is also important to note that an essential element of Plaintiff's claim is that Defendants knew that the published information was untrue. *Bates*, 768 F.3d at 1134. Plaintiff's Complaint fails to allege facts showing Defendants *knew* that he was not in default for the reasons stated in the First Default Letter. Therefore, there are no facts in the Complaint to show that Defendants *knew* that foreclosure notice

- 6 -

contained incorrect statements. *See Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1281 (N.D. Ga. 2014)(finding when there was no evidence Defendant knew loan had been satisfied when it initiated foreclosure, there was no evidence Defendant knew that any published notice contained incorrect statements). "[W]here the facts as alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief under Rule 8(a)(2)." *Iqbal*, 556 U.S. at 679.

### 2.  March 2019 Advertisement

Plaintiff's Count II for the March 2019 published notice is equally flawed. Plaintiff again alleges that Defendants falsely declared that Plaintiff was in default. [Doc. 1-1, p. 12, ¶ 47]. Although Plaintiff once again asserts that Defendants knowingly published untrue statements, [Doc. 1-1, p. 12, ¶ 51], the Complaint is silent as to any facts showing either an untrue statement or Defendants' knowledge of its falsity. Once again Plaintiff's Complaint is clear that the default was related to a discrepancy regarding Plaintiff's actual account balance in 2016 when he applied for the Loan and the balance listed on his application. [Doc. 1-1, p. 7, ¶¶ 21-22; pp. 58-63]. However, Plaintiff does not allege that the amount listed on his loan application was accurate. Instead, Plaintiff makes the conclusory assertion that "[he] was not in default to the Defendants." [Doc. 1-1, p. 13, ¶ 51].

Plaintiff alleges that he provided bank statements to counsel for CalCon to address the default stated in the Second Default Letter. [Doc. 1-1, p. 7, ¶¶ 21-22]. As mentioned above, the statements and email attached as Plaintiff's own Exhibit F, support rather than refute the contention that there was a discrepancy between the amount listed on the loan application and the amount actually in Plaintiff's account. [Doc. 1-1, pp. 58-63]. Once again, Plaintiff offers no plausible facts to establish that he was not in default as stated in the Default Letter. Accordingly, there are no facts to establish that Defendants published an untrue statement when the notice identified Plaintiff's default.

There are simply no facts by which the Court could establish that Plaintiff was *not* in default and therefore the statement was untrue, or that Defendants *knew* that he was not in default and published the notice anyway. "[W]here the facts as alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief under Rule 8(a)(2)." *Iqbal*, 556 U.S. at 679. For these reasons, CalCon respectfully submits that Plaintiff has failed to state a claim for Attempted Wrongful Foreclosure and Counts I and II should be dismissed.

## C.  Count III Fails to State a Claim for Breach of Contract

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130 (11th Cir. 2014); *quoting Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 705 S.E.2d 305, 306 (2010). Plaintiff "must substantiate two important elements of [his] claim for breach of contract: causation and damages." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1133 (11th Cir. 2014). Plaintiff alleges that Defendants breached Section 15 and 20 of the Security Deed by failing to send notice of acceleration prior to advertising the Sale in July of 2018. [Doc. 1-1, p. 14, ¶¶ 59-60]. Section 15 details the requirements for sending notices required under the Security Deed. [Doc. 1-1, p. 28, § 15].

Section 20 states in pertinent part that "[t]he notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20." [Doc. 1-1, p. 29, § 20]. For its part, Section 22 states that prior to acceleration for breach, Lender is to give notice to Borrower and specifies 5 details the notice should include. [Doc. 1-1, pp. 29-30, § 22]. However, even if the First Default

Letter failed to serve as proper notice under Section 22, as Plaintiff himself states, the foreclosure sale was ultimately cancelled. [Doc. 1-1, p. 7, ¶ 20].

To state a breach of contract claim, "[t]he breach must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1379 (M.D. Ga. 2011); *quoting Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008). In the present action, Plaintiff asserts that the First Default Letter did not give adequate notice under the Security Deed and the subsequent advertisement of foreclosure sale was in breach of Section 22. However, even assuming the letter did not comply with Section 22, the cancellation of the sale shows substantial compliance with the terms of the contract.

Further, even taking Plaintiff's allegations as true, to state his claim, he "must show that the premature or improper exercise of some power under the deed (acceleration or sale) resulted in damages that would not have occurred but for the breach." *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1132–33 (11th Cir. 2014). The Eleventh Circuit has found that "[i]n cases such as this, where there was no actual exercise of the power of sale, the only possible harm must be traced back to the allegedly unauthorized acceleration of the note." *Id.* The Court in *Bates*

*v. JP Morgan Chase Bank* determined that, where there is a reinstatement provision providing for reinstatement upon payment of amounts owed, any claim that damages resulted from allegedly unauthorized acceleration is negated and "the exercise of the power to accelerate the note could not have caused [Plaintiff's] harm." *Id.*

Lastly, Plaintiff himself does not allege any damages for which he may recover under Georgia law. Plaintiff asserts that he "was harmed in that he was forced to spend money to obtain an attorney to challenge the non-judicial foreclosure sale…and suffered the expense of attorney fees." [Doc. 1-1, p. 14, ¶ 62]. However, "attorney fees are not [generally] recoverable as damages absent an express provision in a contract or a statutory mandate." *George L. Smith II Georgia World Cong. Ctr. Auth. v. Miller Brewing Co.*, 255 Ga. App. 643, 644, 566 S.E.2d 361, 362 (2002). "Under Georgia law, attorneys' fees, even where recoverable, are not typically included within the ordinary species of damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 780 (11th Cir. 2011).

Under O.C.G.A. § 13-6-11, attorneys' fees are "ancillary to a plaintiff's damages claim and require proof of an additional element." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 780 (11th Cir. 2011); *citing* O.C.G.A. § 13–6–11; *also citing 4WD Parts Ctr., Inc. v. Mackendrick*, 260 Ga. App. 340, 345, 579

- 11 -

S.E.2d 772 (2003). Absent a showing of damages, Plaintiff has failed to state an essential element of his claim. CalCon respectfully submits that Plaintiff has failed to state a claim upon which relief may be awarded and Count III must be dismissed.

**D.    Count IV Fails to State a Claim under the FDCPA**

Count IV alleges that RAS Crane, LLC and CalCon violated the FDCPA by failing to validate the debt under 15 U.S.C. § 1692g. [Doc. 1-1, p. 15, ¶ 67]. "The Fair Debt Collection Practices Act regulates 'debt collector[s]'." 15 U.S.C. § 1692a(6); *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019). If one is not a debt collector as defined by the FDCPA, the provisions of the Act do not apply. *Id.* "To prevail on an FDCPA claim, a plaintiff must establish that: (1) [plaintiff] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).

Plaintiff's allegations make clear that that the debt originated with CalCon. Plaintiff's Complaint states that Plaintiff executed a Security Deed in favor of CalCon to secure repayment of a loan in the amount of $424,100.00. [Doc. 1-1, p.

4, ¶ 5; Doc. 1-1, p. 22]. However, "the [FDCPA] explicitly states that those entities which originated the original debt or which obtained the loan before it was in default are exempt from the statutory definition of 'debt collector.'" *Janke v. Wells Fargo & Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011); 15 U.S.C. § 1692a(6); *see Kuria v. Palisades Acquisition XVI, LLC,* 752 F. Supp. 2d 1293, 1301 (N.D. Ga. 2010)(Creditor "presumptively is not liable under the FDCPA for collection actions undertaken on its own debts and in its own name.). Further, Plaintiff does not even assert that CalCon **is** a debt collector as defined by the FDCPA. To state a claim under the FDCPA against CalCon, "the Plaintiff must plausibly allege sufficient facts to enable the Court to draw a reasonable inference that the Defendant meets the FDCPA's definition of 'debt collector.'" *Kurtzman v. Nationstar Mortg. LLC*, 709 Fed. Appx. 655, 658–59 (11th Cir. 2017); *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018).

In this case, the documents and allegations make clear that CalCon does not meet the definition of a debt collector and there are no allegations from Plaintiff asserting that CalCon should be considered a debt collector for purposes of the FDCPA. CalCon respectfully submits that Count IV should be dismissed as to CalCon because Plaintiff fails on an essential element of his claim.

**E.    Claims for Punitive Damages and Attorneys' Fees also Fail**

In Count VII and VIII, the Plaintiff seeks punitive damages and Attorneys' Fees [Doc. 1-1, p. 18, ¶¶ 84, 86]. However, none of Plaintiff's claims support such an award. Under Georgia law, both punitive damages and attorneys' fees for stubborn litigiousness are elements of additional damages rather than independent causes of action. *See In re Ellerbee*, 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995)(for 13-6-11 attorneys' fees); *See also Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242, 620 S.E.2d 463, 468 (2005)(for punitive damages and attorneys' fees). :The law does not support the concept that pursuing each type of damages flowing from a specific tort is a separate and independent cause of action." *Franklin Credit*, 275 Ga. App. at 242, 620 S.E.2d at 468 (2005).

Plaintiff's only tort claim is for attempted wrongful foreclosure. As discussed in more detail above, Plaintiff has failed to demonstrate an either 1) untrue statement by CalCon; or 2) that CalCon had any knowledge of a published untrue statement. Accordingly, because Plaintiff's claims for attempted wrongful foreclosure fail to state a claim, Plaintiff is not entitled to punitive damages flowing from the alleged tort. "Georgia courts have consistently recognized that a claim for punitive damages is effective only if there is a valid claim for actual damages to which it could attach, and that punitive damages may not be recovered

if there is no entitlement to compensatory damages." *Wood v. Archbold Med. Ctr., Inc.*, 738 F. Supp. 2d 1298, 1371 (M.D. Ga. 2010).

Because Plaintiff is not entitled to relief under his claim of attempted wrongful foreclosure, CalCon submits that Plaintiff cannot be entitled to either attorneys' fees or punitive damages.

## **CONCLUSION**

For the reasons detailed above, CalCon respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted, this 13th day of May 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> KEARSTIN H. SALE (GA Bar No. 650510)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (telephone)
> (404) 921-9016 (facsimile)
> bchaness@rubinlublin.com
> ksale@rubinlublin.com
>
> *Attorney for CalCon Mutual Mortgage, LLC*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 13th day of May 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 13th day of May 2019, caused a true and correct copy of the within and foregoing to be served via U.S. First Class mail to the following:

Andrew Stevens
Stevens, Stevens & Oliver, LLC
4167 Roswell Road
Suite A, Floor 1
Atlanta, GA 30342

Elizabeth J. Campbell
Locke Lord LLP
3333 Piedmont Road NE
Terminus 200, Suite 1200
Atlanta, GA 30305

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

- 17 -